UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:13-CR-51 JD |
| (2) LORENZO COBEN | |

**OPINION AND ORDER**

The incarcerated Defendant, Lorenzo Coben, proceeding *pro se*, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE 209.) For the reasons herein, the motion will be denied.

**A. Background**

In 2013, Mr. Coben was found guilty, after pleading guilty, to using a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The crime of violence at issue was a bank robbery where Mr. Coben pointed a firearm at a bank teller's head, demanded money, and received approximately $13,000. Mr. Coben and his accomplices then attempted to launder the money through a casino and dispose of the getaway vehicle. Mr. Coben committed these acts while serving sentences of probation and parole. Further, Mr. Coben directed the actions of his accomplices. Mr. Coben was apprehended after fleeing from the police and engaging in a car chase. The money from the bank robbery has never been recovered. The Court sentenced Mr. Coben to 264 months of imprisonment. (DE 155.) Mr. Coben remains incarcerated with an anticipated release date in 2035.

Mr. Coben filed this motion for a reduction in sentence in September 2022. The Court referred Mr. Coben's motion to the Federal Community Defender's Office, which determined that it was unable to assist him. Therefore, the Court will consider Mr. Coben's own

submissions. The Government has filed their response to the motion, Mr. Coben has filed his reply, therefore the motion is ripe for decision.

**B. Legal Standard**

A court generally cannot modify a sentence once the sentence has been imposed. 18 U.S.C. § 3582(c). However, an exception to that general rule allows a court to modify a sentence, after considering the factors under § 3553(a), if "extraordinary and compelling reasons warrant such a reduction," the reduction is consistent with policy statements issued by the Sentencing Commission, and the defendant has submitted such a request to the warden at least 30 days before filing a motion or has fully exhausted all administrative rights within the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A). This analysis proceeds in two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021) (*cert*. denied 142 S. Ct. 1363 (2022)). At the first step the defendant must identify an extraordinary and compelling reason warranting a sentence reduction. *Id.* If the defendant establishes such a reason, the district court, in the discretion conferred by the statute, considers any applicable § 3553(a) factors as part of determining what reduction to award the defendant. *Id.*

The application notes to the Sentencing Guidelines offer some examples of when extraordinary and compelling reasons may be present. Those include when the defendant is suffering from a terminal illness or is suffering from a serious physical or medical condition that substantially diminishes his ability to provide self-care within the prison. U.S.S.G. § 1B1.13 n.1. *See United States v. Gunn*, 980 F.3d 1178, 1181 (7th Cir. 2020) (finding the substantive aspects of U.S.S.G. § 1B1.13 and its Application Notes provide a "working definition" of "extraordinary and compelling reasons" that can guide a court's discretion "without being conclusive").

In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where [she] is housed and [her] personal health conditions." *United States v. Council*, 2020 WL 3097461, at *5 (N.D. Ind. June 11, 2020); *see also United States v. Melgarejo*, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020). In determining whether there is an extraordinary and compelling reason to modify a term of imprisonment, the Court may consider (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes her especially susceptible to the dangers of COVID-19, (3) the age of the defendant, and (4) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic).

**C. Discussion**

Having reviewed Mr. Coben's submissions, the Court finds Mr. Coben has not established an extraordinary and compelling reason warranting modification of his sentence.

Mr. Coben raises a single complete argument that he possesses an extraordinary and compelling reason for modification. The reason is that a change in law subsequent to his sentencing would have affected how his advisory Sentencing Guidelines recommendation was calculated. At his sentencing, Mr. Coben was subject to the career offender enhancement under the Guidelines.

The career offender enhancement under the Guidelines requires, among other elements not in dispute, that "the defendant has at least two prior felony convictions of either a crime of

violence or a controlled substance offense." U.S.S.G. § 4B1.1. Mr. Coben argues that one of the two required prior felony convictions for his career offender enhancement was the crime of violence of resisting a law enforcement officer in violation of Indiana Code § 35-44-3-3.[1] Mr. Coben argues that the Seventh Circuit subsequently held in *United States v. Bennett* that this statute, as was in effect when he was sentenced, does not constitute a crime of violence. 863 F.3d 679, 681–82 (7th Cir. 2017). Mr. Coben argues that if sentenced today his Guidelines sentence recommendation would only be a range of 85-105 months instead of the 262-327 months recommendation used during his sentencing. He argues this means he would be "ineligible" for the 22-year sentence which was ultimately imposed.[2]

The Government's reply to this argument is that under Seventh Circuit precedent, a claim of error at the defendant's sentencing does not constitute an extraordinary and compelling reason for release. The Government is correct on this point. The Seventh Circuit has held it is improper to use a § 3582 motion to challenge a potential error in a sentence as "[t]o allow otherwise would circumvent the normal process for challenging potential sentencing errors, either through the direct appeal process or collaterally through a 28 U.S.C. § 2255 motion." *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021). The Seventh Circuit has also repeatedly stated that judicial decisions subsequent to a sentencing do not constitute an extraordinary and compelling reason for modification of a sentence. *United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022) (holding that a subsequent Circuit decision finding the defendant's prior drug conviction did not

---

[1] Mr. Coben's conviction for this offense was December 1, 2010. (DE 145 at 8.)

[2] Mr. Coben does not challenge that the statutorily required minimum sentence for his offense was seven years, or that the statutorily allowed maximum sentence was life. *See* 18 U.S.C. § 924(c)(1)(A)(ii). Therefore Mr. Coben would be eligible for a 22-year sentence regardless of his Guidelines calculation. The Court construes Mr. Coben's argument as suggesting the Court would have reached a different outcome in sentencing if his Guidelines were calculated differently.

4

qualify for an enhancement was not an extraordinary and compelling reason for sentence modification); *United States v. Brock*, 39 F.4th 462, 465 (7th Cir. 2022) (holding that subsequent judicial decision, even if "announcing new law or a new interpretation of an existing statutory provision–cannot alone constitute an 'extraordinary and compelling' reason authorizing a reduced sentence under § 3582(c)(1)(A)"). Therefore, Mr. Coben's argument regarding a subsequent change in law cannot serve as an extraordinary and compelling reason for his release and his motion will be denied.

  Mr. Coben also argues in his reply brief, for the first time, that the ongoing Covid-19 pandemic may constitute an extraordinary and compelling reason for his release. (DE 221 at 2–3.) However, the Court finds this argument to be waived on two grounds. First, this argument is waived as underdeveloped. Mr. Coben briefly states the legal standard for when the risk of Covid-19 exposure may constitute an extraordinary and compelling reason but provide no explanation as to how he satisfies that standard. Notably, Mr. Coben does not identify any chronic medical condition that afflicts him and may substantially increase his risk of serious illness or death from contracting Covid-19. Mr. Coben's cursory and underdeveloped argument is therefore waived. *Shipley v. Chi. Bd. of Election Comm'rs*, 947 F.3d 1056, 1062–63 (7th Cir. 2020) (Arguments which are underdeveloped, cursory, and lack supporting authority are waived). Second, this argument would be waived as it was raised for the first time in Mr. Coben's reply brief. *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) ("[A]rguments raised for the first time in [a] reply brief are waived because they leave no chance to respond.").

  Moreover, even if this argument were not waived Mr. Coben could not establish that his risk of Covid-19 exposure creates an extraordinary and compelling reason for his release. This is because Mr. Coben is fully vaccinated against Covid-19 (DE 217-1) and the Seventh Circuit has

held that for most inmates "the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an extraordinary and compelling reason [for release]." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Coben offers no explanation why he is different from the vast majority of prisoners or why a vaccine is insufficient to offer him effective relief. The Court will not craft such an explanation for him. *Shipley*, 947 F.3d at 1063 (holding that the courts will not craft arguments and perform legal research on a party's behalf). Therefore, Mr. Coben has not established an extraordinary and compelling reason for his release based on the Covid-19 pandemic.

### D. Conclusion

For those reasons, the Court DENIES Mr. Coben's motion for compassionate release or reduction in sentence. (DE 209.)

SO ORDERED.

ENTERED: November 29, 2022

                                                        /s/ JON E. DEGUILIO
                                                        Chief Judge
                                                        United States District Court